FILED
SUPERIOR COURT
OF GUAM

2019 APR -1 PM 4: 18

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | Case No. CF0132-12 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DECISION & ORDER** |
| | ) | |
| MUKI JOSEPH REDHART CALLAHAN, | ) | |
| DOB: 06/17/1995 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 09, 2019 for a hearing on a submission by Muki Callahan ("Defendant") of an Ex-Parte Motion for Appointment of Co-Counsel. The Defendant is represented by Assistant Public Defender Richard Drikx and the People of Guam are represented by Assistant Attorney General Sean Brown. After considering the arguments of the Defendant and the applicable law, the Court now issues its Decision and Order denying the Defendant's request.

## BACKGROUND

The Defendant was indicted on several charges of First and Second Degree Criminal Sexual Conduct. (Superseding Indictment, June, 12 2012). A jury trial was held before the Honorable Judge Canto, II, in which the jury returned a verdict of guilty on several counts.

(Verdict Form 1, 2, 3, 7, 9, 10, 11, 15, 17, Dec. 09, 2013) On appeal the Supreme Court reversed the convictions and remanded the case. *People v. Callahan*, 2018 Guam 17 ¶ 45. The Defendant then filed his Motion for Appointment of Co-Counsel, seeking to appoint his appellate counsel, William Pole, to the matter. (Ex-Parte Mot. Appointment Co-Counsel, Dec. 21, 2018). The Court subsequently took the matter under advisement. (Minute Entry, Jan. 09, 2019).

## DISCUSSION

The appointment of counsel for indigent defendants is governed by the Local Rules of the Superior Court of Guam Miscellaneous Rule ("MR") 1.1. This Court has the authority to appoint more than one attorney as counsel for indigent defendants in "extremely difficult" cases. Local Rule MR 1.1.3(a). The rule also prescribes a priority order for appointment: 1) The Public Defender Service Corporation ("PDSC"); 2) The Alternate Public Defender Officer ("APD"); 3) The Private Attorney Panel; and, 4) Active members of the Guam Bar Association. *Id.* The Court must follow this priority list unless it explains, on the record, why good cause exists to derogate from the order proscribed. *Id.* Because the Defendant seeks the appointment of Attorney William Pole, who is a member of the private attorney panel, as co-counsel; this Court must first inquire as to whether the Defendant's case is extremely difficult, and then determine whether good cause exists to appoint Attorney Pole instead of appointing APD.

The rules do not define what makes an "extremely difficult" case, however, other courts have generally considered factors such as: 1) the current counsel's newness to the case and their level of experience as an attorney; 2) the length of the relationship between current counsel and the client; 3) the complexity and novelty of the case and the number of charges; 4) the number of concurrent cases the current counsel is handling for the defendant; and 5) how voluminous

the discovery is or expected to be. *U.S. v. Clark*, 717 F.3d 790, 812-13 (10th Cir. 2013); *see also U.S. v. Williams*, No. CR 15-077-4 (BAH), 2016 WL 471263 at *2 (D.D.C. Feb. 05, 2016). In considering these factors a court should consider whether additional counsel is **necessary** to ensure a constitutionally adequate defense. *See Clark*, 717 F.3d at 811-12 ("unlike a defendant's right to spend his own money *ad infinitum* on counsel . . . the right of court-appointed counsel is geared toward the goal of ensuring constitutionally *adequate* representation.").

Considering the case before it, the Court finds that this is not an "extremely difficult" case which necessitates the appointment of additional counsel. While Attorney Pole has had an active relationship with the Defendant during the past five years of appeal, and is likely to be well informed on the subjects concerning the Defendant's case, the PDSC and Attorney Dirkx are competent enough to ensure the Defendant receives an adequate defense. Attorney Dirkx is the current Deputy Director of the PDSC with a number of years of experience in criminal defense. The PDSC was the appointed counsel for the Defendant's first trial and likely still has records and notes regarding the case, which Attorney Dirkx can utilize to become familiar with the matters for trial. Additionally, Attorney Dirkx sat as second chair during the Defendant's first trial. (Ex-Parte Mot. Appointment Co-Counsel at 2).

Although the case involves a high number of counts, the charges are typical First and Second Degree Criminal Sexual Conduct charges, which the PDSC is familiar with defending against. Likewise, even though the Defendant will probably be putting on a unique defense related to sexually reactive behavior disorder during his second trial, an expert has already been appointed and will be available to help defense counsel prepare the defense for trial. *See People v. Callahan*, 2018 Guam 17 ¶ 45 (reversing the Defendant's convictions for the trial court's

failure to appoint a medical expert concerning the sexually reactive behavior disorder defense); (Order RE Appointment of Medical Expert, Jan. 15, 2019). In addition, this is the only case the PDSC is handling for the Defendant, and the Defendant has no other active cases, which might have necessitated co-counsel to handle the caseload.

After reviewing the factors, the Court finds that while the appointment of Attorney Pole might be a benefit to the client, his appointment is ultimately unnecessary to ensure that the Defendant receives a constitutionally adequate defense. *Clark*, 717 F.3d at 811-12. The PDSC is more than capable of ensuring the Defendant receives an adequate defense during retrial, as they were during the first trial. Therefore, the Court declines to appoint Attorney Pole as co-counsel in this case.

**CONCLUSION**

For the reasons set forth above, the Court Hereby DENIES the Defendant's Ex-Parte Motion for Appointment of Co-Counsel. The Court will hold a trial setting for this case on April 24, 2019 at 3:00 p.m.

**IT IS SO ORDERED** on this 1st day of April, 2019.



SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

PDSC 2) PDSC

Date: 4/1/19  Time: 4:20

Deputy Clerk, Superior Court of Guam

**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**